# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02-40069-001-SAC |
| ) | |
| TERENCE COOPER, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| RONALD SANDHAUS, ) | |
| ) | |
| Garnishee-defendant. ) | |

## REPORT AND RECOMMENDATION

This matter comes before the court for consideration of Defendant Terence Cooper's claim of exemption from United States's Writ of Continuing Garnishment (Doc. 386). This matter was referred to the undersigned by the trial judge, U.S. District Senior Judge Sam A. Crow, for resolution of the issues related to United States's Writ of Continuing Garnishment.

**I.     Background**

On February 9, 2006, the court entered a judgment in this matter requiring, *inter alia*, that Defendant Cooper pay a special assessment of $2,900.00 and restitution of $1,242,972.82 (Doc. 327). On May 19, 2006, an Application for Writ of Continuing Garnishment (Doc. 379) was filed by the United States, seeking a Writ of Continuing Garnishment upon that judgment (Doc. 372).

On May 19, 2006, a Writ of Continuing Garnishment (Doc. 380) was issued by the Clerk of the District Court to Ronald Sandhaus. Ronald Sandhaus filed an Answer of Garnishee (Doc. 383) on May 30, 2006. The United States filed an Objection to the Answer of Garnishee (Doc. 384) on

June 20, 2006, and, on June 21, 2006, the court set a hearing on the United States's Objection for June 30, 2006, at 2:30 p.m. (Doc. 385).

On June 23, 2006, Defendant Cooper filed a Claim of Exemption from the United States's Writ of Continuing Garnishment and requested a hearing upon his claim (Doc. 386). On June 29, 2006, the United States filed an Objection to Defendant Cooper's Claim of Exemption (Doc. 388). The court, thereafter, continued the hearing previously set to address Garnishee Sandhaus's Answer and the United States's Objection thereto, until July 12, 2006, at 9:30 a.m., and stated that it would address all the pending issues related to the United States's Writ of Continuing Garnishment at the hearing on July 12, 2006 (Doc. 389).

On July 12, 2006 the court held a hearing regarding Garnishee Sandhaus's Answer, Defendant Cooper's Claim of Exemption, and the United States's Objections thereto. The United States appeared by and through Assistant U.S. Attorney Tanya Sue Wilson. Defendant Cooper appeared in person and *pro se*, by telephone. Garnishee Sandhaus appeared in person and *pro se*. During the hearing, the court found that $10,000.00 was being held in trust for Defendant Cooper in the IOTLA account of Garnishee Sandhaus as the net proceeds from the settlement of claims made by Defendant Cooper in an unrelated civil case, Case No. 03-CV-0964, in the United States District Court for the Western District of Missouri.[1] As a result of this finding, the United States announced that it was withdrawing its Objection to Garnishee Sandhaus's Answer.[2] Therefore, the only issues remaining for determination are Defendant Cooper's Claim of Exemption (Doc. 386) and the United States's Objection thereto (Doc. 388).

---

[1] *See* Minute Entry (Doc. 391).

[2] An order was later entered formally withdrawing the United States's Objection (Doc. 392).

During the hearing, the court directed Garnishee Sandhaus to provide the court and counsel for the United States with a copy of his power of attorney to act on behalf of Defendant Cooper in the Western District of Missouri matter, which Garnishee Sandhaus provided to all parties by letter on July 17, 2006.[3] The court also directed Garnishee Sandhaus to report to the court on the nature of the settlement funds received by him on behalf of Defendant Cooper; to wit, whether, under the settlement agreement in that case, they are classified as lost wages, general damages, or in some other manner. Garnishee Sandhaus also accomplished this task in his July 17, 2006, letter to the court and parties, wherein he stated the settlement proceeds were in the nature of general damages.

The court further directed the parties to submit any additional authority for their respective positions by July 24, 2006. The United States filed a Memorandum of Law on July 24, 2006 (Doc. 393), and Defendant Cooper filed a document providing additional information on his position that same date (Doc. 394). The court, therefore, deems the matter to be fully submitted and ripe for consideration. For the reasons set forth below, the undersigned recommends that Defendant Cooper's Claims of Exemption be denied and an order be entered enforcing the United States's Writ of Continuing Garnishment.

## II.  Discussion

Defendant Cooper initially claimed that the funds sought from Garnishee Sandhaus by the United States's garnishment were exempt as "undelivered mail."[4] At the hearing, on July 12, 2006, Defendant Cooper made additional claims of exemption, specifically: (1) that the garnishment is

---

[3] *See* Memorandum of the United States in Support of its Response to the Objection of Defendant Terence Cooper to the Government's Writ of Continuing Garnishment (Doc. 393), at Exhibits A & B (Docs. 393-2 & 393-3, respectively).

[4] *See* Claim of Exemption (Doc. 386), p. 5.

improper because he is current with a court ordered payment plan, (2) that the settlement funds in question should not be garnished because they were assigned to his wife by his execution of a power of attorney instructing Garnishee Sandhaus to deliver them to her, and (3) that the settlement funds in question are in the nature of unpaid wages and, therefore, subject to only a partial garnishment.

Because the court has now been informed by Garnishee Sandhaus that the settlement funds, received by him on behalf of Defendant Cooper, are in the nature of general damages, the court cannot conclude that these funds constitute compensation for unpaid wages. As such, the undersigned concludes that Defendant Cooper's claim for partial exemption of these funds on the basis that they are in the nature of wages should be denied. The court will now turn to Defendant Cooper's remaining claims for exemption.

18 U.S.C. § 3613, which addresses civil penalties for satisfaction of an unpaid fine provides, in subsection (a):

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law[,and] . . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that – (1) property exempt from levy for taxes pursuant to [26 U.S.C. §] 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) . . . shall be exempt from enforcement of the judgment under Federal law; . . ."

Pursuant to 18 U.S.C. § 3613(f), "all provisions of this section [applicable to fines] are available to the United States for the enforcement of an order of restitution." "A court may issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor."[5]

---

[5] 28 U.S.C. § 3205(a).

After the United States has obtained a writ of garnishment, it must serve the writ upon both the garnishee, with instructions explaining that the garnishee must submit a written answer, and upon the judgment debtor, with instructions on objecting to the answer of the garnishee and obtaining a hearing.[6] Within 20 days after receiving the answer of the garnishee, the judgment debtor may file a written objection and request a hearing.[7] The burden is upon the judgment debtor to state and prove his grounds for objection.[8] The burden is, therefore, on Defendant Cooper, as the judgment debtor, to substantiate his objections and demonstrate that the funds in question are exempt from garnishment.

With regard to Defendant Cooper's first objection, 26 U.S.C. § 6334(a) provides, in relevant part: "There shall be exempt from levy– . . . (5) **Undelivered mail.–**Mail, addressed to any person, which has not been delivered to the addressee. . . ." Neither party has identified any case discussing this exemption, and the court has not found such a case through its own research. However, based upon the definition provided by the statute, this exemption does not appear to apply in the present circumstance. It is undisputed that Defendant Cooper executed a power of attorney, which provided, *inter alia*, authority for Garnishee Sandhaus to "[e]ndorse and deposit the settlement check received in the [civil action involving Defendant Cooper in the Western District of Missouri] into the attorney's trust account."[9] Even assuming the check was in fact transmitted by mail, which is not

---

[6] 28 U.S.C. § 3205(c)(3).

[7] 28 U.S.C. § 3205(c)(5).

[8] *Id.*

[9] *See* Memorandum of the United States in Support of its Response to the Objection of Defendant Terence Cooper to the Government's Writ of Continuing Garnishment (Doc. 393), at Exhibits B (Docs. 393-3).

evidence before the court, the check had to be delivered to Garnishee Sandhaus in order for it to be deposited into his attorney trust account, where it is undisputed the funds now reside. It is of no moment whether any mailing that included the check was addressed to Garnishee Sandhaus or addressed to Defendant Cooper and received by Garnishee Sandhaus as his agent pursuant to the power of attorney. The fact is, for the funds to now be in Garnishee Sandhaus's trust account, the check had to have been delivered, by mail or otherwise, and, therefore, cannot be "undelivered mail." As such, the undersigned concludes that Defendant Cooper's claim that the funds in question are exempt as undelivered mail should be denied.

Defendant Cooper next claims that garnishment of the funds in possession of Garnishee Sandhaus is improper because he is current under a court ordered payment plan. In his filing of additional information to support his position, he expands this claim to contend that he did not receive a demand for payment, which was not honored, more than 30 days preceding the garnishment application, and that the he is current with the court ordered payment plan, which is the only thing he has received that resembles a demand.[10] Defendant Cooper cites to 28 U.S.C. § 3205(b)(1)(B), which provides that the United States must include in its application for a writ of garnishment "the nature and amount of the debt owed and the facts that not less than 30 days has elapsed since demand on the debtor for payment of the debt was made and the judgment debtor has not paid the amount due."

The United States has provided the court with a copy of its demand letter to Defendant Cooper, dated March 22, 2006 – more than 30 days prior to its application for the instant writ of

---

[10] *See* Additional Information to Support Defendant's Position (Doc. 394), at ¶ 1.

garnishment – which provides the amount, and describes the nature, of the judgment against him.[11] The letter goes on to advise in that, in the event he is "unable to pay this amount in full," he should complete and return an enclosed financial statement.[12] This letter is properly addressed to Defendant Cooper at the same address that has been used successfully to contact him with regard to this garnishment proceeding. As such, the court finds that the United States did make a proper demand upon Defendant Cooper more that 30 days before seeking the instant writ of garnishment, as required by 28 U.S.C. § 3205(b)(1)(B).

Pursuant to 18 U.S.C. § 3664(f)(3)(A), "[a] restitution order may direct the defendant to make a single-lump sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at intervals and in-kind payments." The judgment entered against Defendant Cooper in the instant case provides, *inter alia*, with respect to payment:

> Payment to begin immediately . . . may be combined with (d) payment of not less than 10% of the funds deposited each month into inmate's trust fund account and monthly installments of not less than 5% of the defendant's monthly gross household income over a period of 3 years, to commence 30 days after release from imprisonment to a term of supervision.[13]

Therefore, a payment plan was established for Defendant Cooper's restitution; however, 28 U.S.C. § 3664(n) provides:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, *settlement*, or other judgment,

---

[11] *See* Memorandum of the United States in Support of its Response to the Objection of Defendant Terence Cooper to the Government's Writ of Continuing Garnishment (Doc. 393), at Exhibit C (Docs. 393-4).

[12] *Id.*

[13] Judgment (Doc. 327), at p. 7.

>during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.[14]

Additionally, other courts, in considering similar questions, have determined that a schedule of minimum payments does not preclude the United States from, simultaneously, pursuing other methods to collect upon its judgment.[15] As such, the court concludes that the fact Defendant Cooper is current with the court ordered payment plan for his outstanding assessment and restitution does not make the United States's Writ of Continuing Garnishment improper.

Having found that the United States did make a proper demand upon Defendant Cooper, and that Defendant Cooper's compliance with his court ordered payment plan does not preclude the instant garnishment, the undersigned concludes that Defendant Cooper's Claim for Exemption on these grounds should be denied.

Defendant Cooper's final claim for exemption is that the settlement funds in question should not be garnished because they were assigned to his wife by his execution of a power of attorney instructing Garnishee Sandhaus to deliver them to her. The power of attorney executed by Defendant Cooper authorized Garnishee Sandhaus to endorse and deposit the settlement check into his attorney's trust account, "deliver the settlement check to [Defendant Cooper's] wife, Jenn

---

[14] Emphasis added.

[15] *See, e.g., United States v. James*, 312 F. Supp. 2d 802, 806 (E.D. Va. 2004) ("While a schedule of $150 per month was put in place in the event restitution was not paid immediately, the existence of this schedule does not mean that the government is precluded from pursuing other avenues of ensuring that defendant's restitution obligation is satisfied."); *United States v. Bedonie*, 317 F. Supp. 2d 1285, 1331 (D. Utah 2004), *reversed and remanded on other grounds by United States v. Bedonie*, 413 F.3d 1126 (10th Cir. 2005) ("This provision allows a crime victim to convert immediately the restitution order into a judgment for the full amount of the order, apparently without regard to any payment schedule that the court might set.").

Cooper," and complete all necessary paperwork required by the Court to conclude the proceedings in the case.[16]

Defendant Cooper contends that the provision within the document calling for delivery of the check to his wife operates as an assignment of the funds to his wife which exempts the funds from garnishment. The United States contends that the same provision merely provides direction from Defendant Cooper to his agent, Garnishee Sandhaus, as to where to deliver the funds.

The court agrees with the United States. The word "assign" does not appear anywhere in the document to suggest that the actual ownership of the funds in question was being transferred to Defendant Cooper's wife. The power of attorney was executed only by Defendant Cooper; therefore, the document is only effective to authorize Garnishee Sandhaus to act as an agent for Defendant Cooper, not Defendant Cooper's wife. As such, the settlement check was delivered to Defendant Cooper's agent, and Defendant Cooper's agent was instructed to deliver the funds from the check to Defendant Cooper's wife. Nothing about this agreement authorizes Garnishee Sandhaus to act as agent for Defendant Cooper's wife or gives him any authority to accept an assignment on her behalf. Rather, Garnishee Sandhaus received the money on behalf of Defendant Cooper, holds the funds in trust as an agent for Defendant Cooper, and would have, in all probability had the instant writ of garnishment not intervened, delivered the funds to Defendant Cooper's wife on behalf of Defendant Cooper.

Moreover, even were the court to conclude differently with respect the assignment, this would not necessarily shield the funds . 28 U.S.C. § 3304(b) provides in pertinent part, "a transfer

---

[16] *See* Memorandum of the United States in Support of its Response to the Objection of Defendant Terence Cooper to the Government's Writ of Continuing Garnishment (Doc. 393), at Exhibit B (Docs. 393-3).

made . . . by a debtor is fraudulent as to a debt to the United States, whether such debt arises before or after the transfer is made . . . if the debtor makes the transfer . . . (B) without receiving a reasonably equivalent value in exchange for the transfer . . . if the debtor – . . . (ii) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due." Pursuant to 28 U.S.C. § 3306(a), the United States may obtain avoidance of a transfer found to be fraudulent, seek a remedy against the transferred asset, or seek any other relief the circumstances may require. As such, there is a strong possibility that even if Defendant Cooper were to prevail on his claim of assignment, it would be without practical effect.

In any event, the court does not find that Defendant Cooper's execution of the power of attorney to Garnishee Sandhaus was effective to constitute an assignment of the settlement funds to Defendant Cooper's wife. As such, the undersigned concludes that Defendant Cooper's claim that the funds in question are exempt because of an assignment should be denied.

### III.  Conclusion

Based upon the foregoing, the court concludes that Defendant Cooper has failed to meet his burden to establish any basis to support his Claim of Exemption (Doc. 386), and that his claim should, therefore, be denied, and the United States's Writ of Continuing Garnishment to Garnishee Ronald Sandhaus (Doc. 380) should be enforced.

**IT IS THEREFORE RECOMMENDED** that Defendant Cooper's Claim of Exemption (Doc. 386) be denied.

**IT IS FURTHER RECOMMENDED** that the United States's Writ of Continuing Garnishment to Garnishee Ronald Sandhaus (Doc. 380) be enforced.

Copies of this Report and Recommendation shall be mailed, either electronically or via the United States Postal Service, to counsel of record for the parties. Pursuant to 28 U.S.C. § 636 (b)(1), as set forth in Federal Rule of Civil Procedure 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this Report and Recommendation within 10 days after being served with a copy.

Dated this 24th day of August, 2006, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
